IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH MICHAEL CASSELLS,

    Plaintiff,                            No. CIV S-10-0775 DAD P

    vs.

D. LIGGETT,

    Defendant.                         ORDER

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action originally filed in the Solano County Superior Court on December 18, 2009.[1] On April 1, 2010, defendant filed a notice of removal of action under 28 U.S.C. § 1441(b).

**PLAINTIFF'S OBJECTIONS TO REMOVAL**

        On April 22, 2010, plaintiff filed written objections to the removal of this action. Plaintiff argues that defendant's motivation for seeking removal was simply to "make it difficult for plaintiff to bring forth his many witnesses." Plaintiff explains that if his action is removed to this court, he would be unable to afford the fees and traveling expenses for all the witnesses that he intends to have testify at his trial.

---

[1] The original complaint was designated as Cassells v. Liggett, Case No. FCM112066 by the Solano County Superior Court.

1

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life & Accidental Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Guold v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir. 1986)). The party invoking removal must demonstrate that the resolution of the federal question plays "a significant role in the proceedings." Hunter v. United Van Lines, 746, F.2d 635, 646 (9th Cir. 1984).

Here, defendant has met his burden of establishing federal jurisdiction over this matter. In his complaint, plaintiff does not cite to or allege any violations of state law. Rather, plaintiff seeks monetary damages for the "constitutional violation of [his] civil rights." (Notice of Removal, Ex. B.) Specifically, he alleges that defendant, a correctional officer at California Medical Facility State Prison, used unnecessary and excessive force against him. Because such claims are cognizable under the Eighth Amendment of the United States Constitution, this court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983. Accordingly, the court finds that removal of this action to this court is proper.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989); Franklin, 745 F.2d at 1227.

6  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

7  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

10  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

11  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

12  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

13  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

14  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

15  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17  The Civil Rights Act under which this action was filed provides as follows:

18  Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the
19  deprivation of any rights, privileges, or immunities secured by the
   Constitution . . . shall be liable to the party injured in an action at
20  law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  /////

3

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations of an official personnel's involvement in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In his short complaint, plaintiff names Correctional Officer Liggett as the sole defendant. Plaintiff alleges that defendant Liggett used his forearm and chest to "body check" plaintiff in the chest. Plaintiff also alleges that he is a medically disabled prisoner, and that he did not provoke defendant Liggett. In terms of relief, plaintiff seeks monetary damages. (Notice of Removal, Ex. B.)

## DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

/////

4

1       If plaintiff decides to file an amended complaint, he is advised of the following
2  legal standards that govern the claim he is attempting to present.  To the extent that plaintiff
3  claims that defendant Liggett used unnecessary and excessive force against him, plaintiff should
4  allege a violation of his Eighth Amendment rights.  To prevail on an Eighth Amendment claim,
5  plaintiff must show that objectively he suffered a "sufficiently serious deprivation," and that
6  subjectively defendant Liggett had a culpable state of mind in causing plaintiff's deprivation.
7  See Farmer v. Brennan, 511 U.S. 825, 834 (1994); see also Wilson v. Seiter, 501 U.S. 294, 298-
8  99 (1991).  In the context of a prison official applying force against an inmate, a defendant has a
9  culpable state of mind if force was applied "maliciously and sadistically for the very purpose of
10 causing harm."  Whitley v. Albers, 475 U.S. 312, 318 (1986).

11      Plaintiff is also informed that the court cannot refer to a prior pleading in order to
12 make his amended complaint complete.  Local Rule 220 requires that an amended complaint be
13 complete in itself without reference to any prior pleading.  This is because, as a general rule, an
14 amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
15 Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any
16 function in the case.  Therefore, in an amended complaint plaintiff must sufficiently allege each
17 claim and the involvement of each defendant.

## OTHER MATTERS

19      Also pending before the court is plaintiff's April 30, 2010 "motion for correction
20 of error."  Therein, plaintiff indicates that a page was missing from his original letter objecting to
21 the removal of his case.  Plaintiff has therefore attached to his motion a copy of his objection
22 letter in its entirety.  Because the Clerk of Court has since corrected the record, plaintiff's
23 "motion for correction of error" has been rendered moot and will therefore be denied.
24 /////
25 /////
26 /////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;" failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice;

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action; and

4. Plaintiff's April 30, 2010 "motion for correction of error" (Doc. No. 12) is denied as moot.

DATED: May 4, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
cass0775.14a