IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH M. CASSELLS,

        Plaintiff,                    No. CIV S-10-0775 MCE DAD P

    vs.

D. LIGGETT, et al.,

        Defendants.             ORDER

                               /

        On September 10, 2010, defendants filed a waiver of reply pursuant to 42 U.S.C. § 1997(e)(g). Under § 1997(e)(g), a defendant to a civil rights action brought by a prisoner may "waive the right to reply" and that "such waiver shall not constitute an admission of the allegations contained in the complaint." The statute goes on to provide, however, that "[t]he court may require an defendant to reply to the complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997(e)(g)(2).

        In this case, the court has already screened plaintiff's amended complaint in accordance with 28 U.S.C. § 1915A and found that plaintiff has a reasonable opportunity to prevail on the merits if the allegations of the amended complaint are proven. (Doc. No. 18.) Specifically, the court found that the amended complaint appeared to state a cognizable Eighth Amendment excessive force claim against defendant Liggett and a First Amendment retaliation

claim against defendant Matthews. (Id.)  No attorney could reasonably think that when the court issued its screening order and order directing service that it would accept a waiver of reply on behalf of the defendant. See Edmonds v. Carter, No. 97 C 7488, 2000 WL 1849504, at *3 (N.D. Ill. Dec. 15, 2000) (discussing the misuse of § 1997(e)(g))

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the date of this order, defendants shall file and serve a response to plaintiff amended complaint.

DATED: September 15, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
cass0775.waiver