IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH M. CASSELLS,

      Plaintiff,                       No. CIV S-10-0775 MCE DAD P

     vs.

D. LIGGETT, et al.,

      Defendants.              ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On June 17, 2010, the undersigned found that plaintiff's amended complaint appeared to state an Eighth Amendment excessive force claim against defendant Liggett and a First Amendment retaliation claim against defendant Matthews. Pending before the court are plaintiff's motion for preliminary injunctive relief and motion to compel discovery.

**MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

       In his motion for preliminary injunctive relief, plaintiff claims that he has been experiencing harassment and retaliation at the hands of various correctional officers since he filed his complaint in this action. Plaintiff seeks a court order prohibiting any further harassment and retaliation in the form of bed moves or any institutional transfers that are adverse to his

1

medical needs.  In addition, plaintiff requests a court order allowing him to retain more than one cubic foot of legal documents in his cell.  In an addendum to his motion, plaintiff also requests a court order allowing him to have private telephone conversations with defense counsel as well as additional law library access.  (Pl.'s Mot. for Prelim. Inj. at 1-15 & Addendum 1-8.)

Plaintiff is advised that his motion for preliminary injunctive relief is defective because it does not comply with the Local Rules of Court.  See Local Rule 231.  Plaintiff is also advised that he may only seek injunctive relief against individuals who are named as defendants in this action.  In his motion, plaintiff complains about Correctional Officers McNeal and Martinez and "custody staff."  This court is unable to issue an order against these officers or unnamed individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Finally, "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, ___, 129 S. Ct. 365, 374 (2008)).  Here, plaintiff's vague and conclusory allegations made in requesting injunctive relief do not appear to state a cognizable claim for such relief.  Nor has plaintiff demonstrated that he is likely to succeed on the merits of any constitutional claim or that he is likely to suffer irreparable harm without the requested court order.  Accordingly, the court will deny plaintiff's motion without prejudice.

**MOTION TO COMPEL**

In his motion to compel, plaintiff seeks a court order compelling defendants to respond further to his requests for production of documents, sets one, two, and three.  He argues that the discovery he seeks is relevant to this lawsuit, and the defendants' initial responses to his discovery requests are evasive and incomplete.  Plaintiff has attached to his motion copies of his discovery requests to defendants as well as defendants' responses thereto.  (Pl.'s Mot. to Compel

1  1-7 & Exs. B-D.) Defendants have opposed the motion, arguing that plaintiff has failed to
2  specify in his motion which of defendants' responses are inadequate or deficient. Defendants
3  also argue that plaintiff's discovery requests are overbroad and that a number of his requests seek
4  items protected by defendants' privacy interests. (Defs.' Opp'n to Pl.'s Mot. to Compel at 3-8.)
5  In reply, plaintiff argues generally that defendants' objections have no merit. He also reiterates
6  that the discovery he seeks is relevant to the claims in this action. (Pl.'s Reply at 1-10.)

7  The court does not hold litigants proceeding pro se to the same standards that it
8  holds attorneys. However, at a minimum, as the moving party plaintiff has the burden of
9  informing the court which discovery requests are the subject of his motion to compel, which of
10 the defendant's responses are disputed, why he believes the defendant's responses are deficient,
11 why the defendant's objections are not justified, and why the information he seeks through
12 discovery is relevant to the prosecution of this action. See, e.g., Brooks v. Alameida, No. CIV
13 S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing
14 which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's
15 motion."); Ellis v. Cambra, No. CIV F-02-5646 AWI SMS PC, 2008 WL 860523 at *4 (E.D.
16 Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of
17 his motion to compel, and, for each disputed response, inform the court why the information
18 sought is relevant and why Defendant's objections are not justified.").

19 Here, plaintiff has provided no specific arguments in support of his motion to
20 compel and is essentially asking the court to make his arguments for him. The court will not
21 review each of plaintiff's discovery requests and each of the defendant's responses thereto in
22 order to determine whether any of the defendant's responses are somehow deficient. Plaintiff has
23 the burden of describing in what way the defendant's particular discovery response is inadequate.
24 See, e.g., Williams v. Flint, No. CIV S 06-1238 FCD GGH P, 2007 WL 2274520 at *1 (E.D. Cal.
25 Aug. 6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is
26 /////

not enough to generally argue that all responses are incomplete."). Accordingly, for the reasons discussed above, the court will deny plaintiff's motion to compel.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for preliminary injunctive relief (Doc. No. 30) is denied without prejudice; and

2. Plaintiff's motion to compel (Doc. No. 34) is denied.

DATED: March 23, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cass0775.mots