IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH M. CASSELS,

    Plaintiff,                             No. CIV S-10-0775 MCE DAD P

    vs.

D. LIGGETT, et al.,

    Defendants.                  <u>ORDER</u>

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. On September 27, 2011, the undersigned issued findings and recommendations, recommending that the motion for summary judgment filed on behalf of defendant Liggett be granted in part and denied in part. On November 21, 2011, the assigned district judge adopted those findings and recommendations in full.

        In due course, the court will issue a further scheduling order setting dates for pretrial statements, pretrial conference, and jury trial. However, before issuing the scheduling order, the court will set a mandatory settlement conference in this case. If such technology is available at his institution of incarceration, the court may order that plaintiff participate in the settlement conference by way of video-conferencing. Pursuant to Local Rule 270(b), the parties will be directed to inform the court in writing as to whether they wish to proceed with the

settlement conference before the undersigned magistrate judge or if they wish to be referred to the court's mediation program.

Also pending before the court are two motions filed by plaintiff. First, plaintiff has filed a motion asking the court to re-open discovery. Plaintiff is advised that in the absence of good cause, the court will not modify the scheduling order in this case. See Fed. R. Civ. P. 16(f); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Good cause exists when the moving party demonstrates that he could not meet a deadline despite exercising due diligence. Id. at 609. Here, plaintiff has not explained why discovery could not be completed in the four months allotted in the court's scheduling order, nor has he demonstrated good cause to re-open discovery at this time.

Plaintiff has also filed a motion for appointment of counsel. As the court previously advised plaintiff, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days of the date of this order, each party shall inform the court in writing as to whether they wish to proceed with the settlement conference before the undersigned magistrate judge or if they wish to wish to be referred to the court's mediation program. If the parties wish to proceed before the undersigned magistrate judge, each party shall return to the court the consent form for settlement conferences provided with this order. If the parties do not wish the undersigned magistrate judge to preside at the settlement conference, each party shall file a declaration stating he wishes to be referred to the court's mediation program;

2. Plaintiff's motion to re-open discovery (Doc. No. 66) is denied;

3. Plaintiff's motion for appointment of counsel (Doc. No. 68) is denied; and

4. The Clerk of the Court is directed to send each party the consent form for settlement conferences.

DATED: January 5, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cass0775.sc