1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEITH M. CASSELLS,

11             Plaintiff,              No. CIV S-10-0775 MCE DAD P

12        vs.

13   D. LIGGETT, et al.,

14             Defendants.             <u>ORDER</u>

15   _____/

16             Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  On November 5, 2012, plaintiff filed a document

18   styled as a motion to stay this action and to reschedule the deadlines the previously established

19   for filing pretrial statements and for jury trial.[1]  Therein plaintiff contends that he needs

20   additional time to propound discovery requests on state employees, who he asserts are hostile

21   witnesses but have information relevant to the claims at bar.  Defendants oppose the motion.  On

22   November 30, 2012, plaintiff also filed motions to reopen discovery and to compel discovery in

23   this action.  (Doc Nos. 91 and 93.)

24   /////

25   ─────────────────────

26        [1]  Pursuant to the district court's October 24, 2012 order (Doc. No. 84), this matter is set
     for jury trial on January 21, 2014.

                                        1

1          Discovery closed in this action on February 4, 2011.  <u>See</u> Discovery and

2    Scheduling Order, filed Oct. 20, 2010 (Doc. No. 28), at 6.  In an order filed January 6, 2012

3    (Doc. No. 70), this court denied a prior motion by plaintiff to reopen discovery.  That order

4    provided in relevant part:

5              Plaintiff is advised that in the absence of good cause, the court will
          not modify the scheduling order in this case.  <u>See</u> Fed. R. Civ. P.

6              16(f); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604,
          607-08 (9th Cir. 1992).  Good cause exists when the moving party

7              demonstrates that he could not meet a deadline despite exercising
          due diligence.  <u>Id.</u> at 609.  Here, plaintiff has not explained why

8              discovery could not be completed in the four months allotted in the
          court's scheduling order, nor has he demonstrated good cause to re-

9              open discovery at this time.

10   (Doc. No. 70 at 2.)  Plaintiff still has not shown good cause for his failure to seek the discovery,

11   which he now belatedly requests, during the time originally set by the court for the conducting

12   discovery in this action.  Moreover, this action has now reached the time for filing pretrial

13   statements and preparing this matter for jury trial.[2]

14         Accordingly, IT IS HEREBY ORDERED that:

15         1.  Plaintiff's November 5, 2012 motion to stay (Doc. No. 85) is denied.

16         2.  Petitioner's November 30, 2012 motion to reopen discovery (Doc. No. 91) is

17   denied.

18         3.  Petitioner's November 30, 2012 motion to compel (Doc. No. 93) is denied.

19   DATED: December 12, 2012.

20

21

22   DAD:12
     cass0775.o2
                                   _Dale A. Drozd_
                                  DALE A. DROZD
                                  UNITED STATES MAGISTRATE JUDGE

23

24

25        [2]  Plaintiff timely filed his pretrial statement on November 30, 2012 together with a
motion for appointment of an impartial expert witness and for subpoenas.  The latter motions

26   will be resolved by the court in the pretrial order.